IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRIAN LLEWELLYN HAWK, | CV 24-156-M-BMM |
| Plaintiff, | |
| vs. | ORDER |
| ED MCLEAN, JASON MARKS, CHRISTOPHER DALY, PATRICIA BOWER, | |
| Defendants. | |

Plaintiff Brian Llewellyn Hawk ("Hawk") filed a Complaint generally

alleging Defendants violated his civil rights in conjunction with his State of

Montana Missoula County criminal proceedings, specifically the 2008 condition

imposed upon him at sentencing that required him to register as a violent offender.

(Doc. 2 at 3-5.)  Hawk also seeks leave of the Court to proceed in forma pauperis.

(Doc. 1.)  Although he has not supplied a copy of his account statement, there is no

reason to delay this matter further.  The IFP motion will be granted.

As explained below, Hawk fails to state a claim for relief and seeks relief

from Defendants who are either immune or not proper defendants under 42 U.S.C.

§ 1983.  The claims contained in Hawk's Complaint also appear to be untimely.

The Complaint will be dismissed.

## I.    Screening Analysis

Hawk is a prisoner proceeding in forma pauperis so the Court must review

his Complaint. *See* 28 U.S.C. § 1915 and § 1915A.  These provisions require the

Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a

governmental defendant before it is served if it is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. *See* Sections 1915A(b) and

1915(e)(2)(B).

## II.    Hawk's Allegations

Hawk names former State of Montana Fourth Judicial District Court Judge

Ed McLean as a Defendant.  (Doc. 2 at 1-2.)  Hawk also names as Defendant

former prosecuting attorney, and current State of Montana Fourth Judicial District

Court Judge, Jason Marks.  (*Id.*)  Finally, the remaining two Defendants are former

State Public Defenders Christopher Daly and Patricia Bower.  (*Id.* at 1, 3.)  Hawk

moves each Defendant in both their individual and official capacity.  (*Id.* at 2-3.)

Hawk claims that the state court gave him an illegal sentence when he was

made to register as a violent offender following his August 13, 2008, misdemeanor

Partner or Family Member Assault conviction.  (*Id*. at 3-4.)  Apparently, this registration requirement remained in effect until 2015.

A petition for writ of habeas corpus was filed by retained counsel on Hawk's behalf, alleging that the registration requirement had been improperly imposed. (Doc. 2-1); *see also*, (Doc. 2 at 8.)  A review of the Order entered in *Hawk v. Batista*, Cause No. DV-15-1027, indicates that on November 19, 2015, Hawk's petition was granted, and he was released of any duty to register as a violent offender.[1] Proceedings, including orders and filings in other courts, including state courts, are the proper subject of judicial notice when directly related to the case. *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011).

Hawk explains that he experienced mental and emotional distress during the period he was required to register.  (Doc. 2 at 5.)  Hawk states he lost custody of his son, his character was defamed, and he was denied housing and employment opportunities.  (*Id*.)  Hawk seeks the "maximum amount of punitive damages available" as compensation.  (*Id*.)

### III.   Analysis

As explained below, Hawk's complaint fails for several reasons. Accordingly, it will be dismissed.

---

[1] For purposes of clarity, a copy of this state court decision will be attached as an exhibit to this Order.

### i.  Federal Violation

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges, or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (*quoting Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). Hawk fails to identify a federal deprivation.  Hawk ultimately was relieved of any registration requirement under state law. It remains unclear what federal right Hawk believes was violated.

As his Complaint stands, Hawk has failed to identify a protected interest, much less deprivation of a right that would give rise colorable claim.  Hawk only suggests a conclusory claim that when the State of Montana required him to register as a violent offender, there was a corresponding violation of his federal civil rights.  In short, Hawk has failed to identify a plausible federal violation.

### ii.  Improper Defendants

Even assuming Hawk could state a claim under 42 U.S.C. § 1983, the next deficiency in his Complaint is that two of the named Defendants are entitled to immunity and the remaining two are not "state actors" for purposes of Section 1983. Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts

outside the judge's judicial capacity or in the complete absence of all jurisdiction.

A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983

"because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento*

*County Superior Court*, 318 F. d 1156, 1161 (9th Cir. 2003); *see also Mireles v.*

*Waco*, 502 U.S. 9, 11-12 (1991).  Aside from his own conclusory statement that

each defendant was working for the State of Montana and the Missoula District

Court, Hawk has not identified specific acts undertaken by Judge McLean that

would indicate he acted outside of his judicial capacity or without jurisdiction.

Judge McLean is entitled to judicial immunity from suit.

Next, Hawk fails to state a claim against then Missoula County Attorney

Jason Marks, as he is entitled to absolute immunity.  Prosecuting attorneys who act

within the scope of their duties are absolutely immune from a suit brought for

damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated

with the judicial phase of the criminal process.'"  *Burns v. Reed*, 500 U.S. 478, 486

(1991)(*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).  This immunity

applies even if the prosecutor has violated a plaintiff's constitutional rights or acts

with malicious intent.  *Broam v. Bogan*, 320 F. 3d 1023, 1028-29 (9th Cir. 2003);

*Genzler v. Longanbach*, 410 F. 3d 630, 637 (9th Cir. 2005).  Prosecutors are

absolutely immune from suit when they function as advocates.  *Imbler*, 424 U.S. at

430-31.  Any acts taken by Defendant Marks related to the prosecution and

5

sentencing of Hawk were all intimately associated with the judicial phase of the criminal process.  Marks acted in his function as advocate during Hawk's criminal proceedings. Marks is entitled to prosecutorial immunity.

The Court further advises Hawk that the public defenders who represented him are not state actors for purposes of Section 1983.  *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (public defender who is performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding is not acting under color of state law); *Miranda v. Clark Cty. of Nev.*, 319 F. 3d 465, 468 (9th Cir. 2003) (affirming dismissal because the public defender represented the plaintiff's interest during criminal proceeding, not the state's interests).  Accordingly, Hawk fails to state a claim under § 1983 against Defendant Daly or Defendant Bower, for the actions they may have undertaken defending Hawk in his criminal proceedings.

### iii.  Statute of Limitations

Finally, Hawk filed his Complaint outside the applicable statute of limitations.  The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions.  In Montana, that period is three years after the action accrues.  Mont. Code Ann. § 27-2-204(1).  Hawk's complaint is dated November 1, 2024. All claims accruing before November 1, 2021, appear to be barred by the applicable

6

statute of limitations.

The Montana State Court relieved Hawk of the violent offender registration requirement in November of 2015. Hawk knew of the improper nature of the condition imposed upon him by November 19, 2015, at the latest.  The other acts of which Hawk complains concerning his child custody, employment, and housing issues, all occurred while he was under the registration requirement, that is between August of 2008 and November of 2015. All of the acts underlying Hawk's claims accrued prior to and fall outside the limitations period.

## IV.    Conclusion

Sections 1915 and 1915A of Title 28 of the U.S. Code require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

The Defendants named in the Complaint are either immune from suit or are

not state actors for purposes of Section 1983. Hawk's claims are barred by the applicable statute of limitations period, and Hawk has failed to state a claim upon which relief may be granted. These defects could not be cured by amendment; accordingly, granting Hawk leave to amend would be futile. This matter will be dismissed.

## V.     "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Hawk has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016)(*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)).    The dismissal of this case will constitute a strike. *See* 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

### ORDER

1. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  Hawk's motion for leave to proceed in forma pauperis (Doc. 1) is GRANTED.  The Clerk of Court is directed to waive payment of the filing fee.

3.  The Clerk of Court is directed to attach a copy of the November 19, 2015, Order, entered by Hon. Leslie Halligan in *Hawk v. Batista*, Cause No. DV-15-1027, as an exhibit to this Order.

4.  The Clerk of Court is directed to have the docket reflect, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court certifies that any appeal of this decision would not be taken in good faith.

5.  The Clerk of Court is directed to have the docket reflect, pursuant to 28 U.S.C. § 1915(g),  that this dismissal counts as a strike because the Complaint fails to state a federal claim upon which relief may be granted.

DATED this 12th day of November, 2024.


_____
Brian Morris, Chief District Judge
United States District Court